Wright, J.,
delivered the opinion of the Court.
The defendant was indicted in the Circuit Court of White county, at the September Term thereof, 1857, for an assault and battery upon one J. W. Mitchell.
To this indictment he pleaded a former conviction before William Clayton, a justice of the peace of said county.
To this plea the Attorney General, on the part of the State, demurred. The Circuit Court overruled the demurrer, and the State declining to plead further, the defendant was, by order of the Court, discharged. From this judgment the State appeals.
*272 It is now argued that the plea is bad, because it does not aver that the proceeding before the justice was not- had hy the procurement of the defendant; in other words, that the trial and conviction before the justice were not fraudulent and intended to shelter the defendant from the punishment due his offence.
We are of opinion that the plea was good without this averment. No statute upon the subject requires that this plea should be so drawn, and we are aware of no decision that goes this length. We do not understand, that at common law, either in civil or criminal proceedings, where a former judgment or conviction were relied on as a defence, that the plea should negative the existence of fraud.
It is true that, to render the conviction before the justice of any avail as a defence, it must be free of fraud or collusion. But if the State intend to rely on any such thing to avoid the force of the plea, it must be by replication. State v. Colvin, 11 Hum.. 599; State v. Lowry, 1 Swan, 34; State v. Epps, 4 Sneed, 552.
Judgment affirmed.